[Cite as *Taylor v. Ohio Dept. of Transp.*, 2015-Ohio-4854.]

# IN THE COURT OF CLAIMS OF OHIO

DONALD TAYLOR SR.

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2014-00955-AD

Clerk Mark H. Reed

<u>MEMORANDUM DECISION</u>

{¶1} Plaintiff Donald Taylor filed this claim on December 9, 2014, to recover damages which occurred when his 2003 Saturn Ion struck a large metal crate that was lying in the roadway while traveling on I-90 West in Cuyahoga County, Ohio. This road is a public road maintained by the Ohio Department of Transportation. Plaintiff's vehicle sustained damages in the amount of $900.00. Plaintiff maintains an insurance deductible of $500.00.

{¶2} In order to recover on a claim for roadway damages against the Ohio Department of Transportation, Ohio law requires that a motorist/plaintiff prove <u>all</u> of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by the defendant.

{¶4} That the defendant knew or should have known about the dangerous road condition.

{¶5} That the defendant, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the court finds that the plaintiff did prove that his vehicle received damages and that those damages occurred as a result of the plaintiff's vehicle coming into contact with a dangerous condition on a road maintained by the defendant.

{¶7} The next element that a plaintiff must prove to succeed on a claim such as this is to show that the defendant knew or should have known about this dangerous condition.

{¶8} Based on the evidence presented, the court is unable to find that the defendant had actual knowledge of the dangerous condition.  Likewise, the court is unable to find that the defendant should have known about this dangerous condition and thus would have had constructive notice about the highway danger.  Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of…Notice presumed by law to have been acquired by a person and thus imputed to that person."  (Black's Law Dictionary at 1090 8th Ed. 2004.)

{¶9} In order for there to be constructive notice, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances the defendant should have gained knowledge of its existence.  This the plaintiff has been unable to do.

{¶10} In the investigation report filed March 12, 2015, the defendant stated that the location of the incident was on IR 90 between Milepost 172.9 to 173.2 in Cuyahoga County.  This section of the roadway has an average daily traffic count of between 86,760 and 91,580 vehicles.  Despite this volume of traffic, the department had received no notice of any road debris on this highway immediately prior to plaintiff's incident, thus the court is unable to find that the department knew about the road debris.  According to the same report, roadway inspections were conducted on a routine basis and in fact within the past six months, the department conducted over four hundred thirty (430) maintenance operations on IR 90 in Cuyahoga County.  If any road debris was present for any appreciable length of time, it is probable that it would likely have been discovered by the department's work crews.  Thus, the court cannot find that the department should have known about this road debris.  Finally, the law in Ohio is that the department is not an absolute insurer of a motorist's safety on the highway.  The

department is only liable for damage when the court finds that it was negligent.  This the court is unable to do.  The plaintiff did not offer any evidence to counter what was in the defendant's report regarding this element.

{¶11} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

## IN THE COURT OF CLAIMS OF OHIO

DONALD TAYLOR SR.

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2014-00955-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Donald Taylor, Sr.                          Jerry Wray, Director
1043 Outrigger Cove                         Ohio Department of Transportation
Painesville, Ohio  44077                    1980 West Broad Street
                                            Mail Stop 1500
                                            Columbus, Ohio  43223

Filed 4/23/15
Sent to S.C. Reporter 11/24/15